■ ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v CHATSWORTH REALTY CORPORATION, Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered November 17, 1987, which, *inter alia,* appointed a receiver of the defendant Chatsworth Realty Corporation, modified, on the law and the facts, to the extent that the receiver be designated a temporary receiver without power to sell or mortgage any assets of the corporation without further order of the court and otherwise affirmed, without costs.

This is a proceeding for the appointment of a receiver brought by the Attorney-General pursuant to Business Corporation Law § 1202 (a) (3). That section authorizes the appointment of a receiver "to preserve the assets of a corporation, which has no officer within this state qualified to administer them." Two rent-controlled and rent-stabilized apartment buildings in New York County are involved. When the action

was commenced, the Attorney-General moved for the appointment of a temporary receiver, a motion which was vigorously opposed by the defendant-appellant.

The appointment of a receiver was amply justified by the facts. First, after a two-year investigation the Attorney-General brought a special proceeding pursuant to Executive Law § 63 (12) alleging that the defendant's sole shareholder, Lenore Dean, had repeatedly violated the rent stabilization laws. By a judgment and order dated September 22, 1983, Justice Martin Evans directed the corporation and Mrs. Dean, *inter alia,* to roll back rents for tenants who had not been offered 2- or 3-year leases, to offer 2- and 3-year leases to persons who had not previously received such offers and to provide the Attorney-General with information as to which rents had been rolled back and how the figures were arrived at. Justice Evans' order was affirmed by this court on December 10, 1985. *[State of New York v Chatsworth Realty Corp.,* 115 AD2d 1023.]

Second, in February 1984 the Attorney-General brought a proceeding to enforce the September 22, 1983 order of the Supreme Court and to punish Mrs. Dean for contempt of court. Mrs. Dean both opposed the motion for contempt and sought to renew opposition to the original proceeding brought pursuant to Executive Law § 63 (12). In May 1984 Justice Evans referred the Attorney-General's application for contempt and the Dean application for renewal to a Referee for a hearing. In September 1984, the Referee, Frank Lewis, suspended the hearing and recommended the appointment of a guardian ad litem or other representative for Mrs. Dean on the grounds that she was incapable of representing herself.

Third, in May 1985 some tenants of the two buildings at issue here brought a proceeding in the Civil Court pursuant to RPAPL article 7-A in which they alleged serious lack of services. On November 19, 1985 Justice Evans consolidated the RPAPL article 7-A proceeding with the Executive Law § 63 (12) proceeding and the Business Corporation Law § 1202 (a) (3) proceeding.

While the hearing before the Referee and a hearing on the article 7-A proceeding have not been completed, there are sufficient allegations and evidence in the record to warrant the appointment of a temporary receiver. Nevertheless, because appropriate hearings have not been completed, the receiver should not be made permanent and he should not be authorized to sell or mortgage the properties in question

without a further court order. Concur—Kupferman, J. P., Carro, Asch, Wallach and Smith, JJ.