■ In the Matter of the Dissolution of GLAMORISE FOUNDATIONS, INC., Appellant. BERNARD PUNDYK, Respondent. [643 NYS2d 94]

Petitioner, Executive Vice-President and owner of one half of the voting stock of Glamorise Foundations, brought a special proceeding to obtain judicial dissolution of the company pursuant to Business Corporation Law § 1104. Petitioner essentially alleged that the refusal of individual respondent Richard Rosner, company President and owner of the other half of the voting stock, to accept petitioner's proposed changes in the Stockholders' Agreement constituted a deadlock within the meaning of Business Corporation Law § 1104 (a) (1), as well as irreconcilably divided the shareholders to the degree that dissolution would be beneficial within the meaning of Business Corporation Law § 1104 (a) (3). Respondent moved to dismiss the petition, claiming that it was brought in bad faith, and for related relief.

By order dated October 7, 1994, the IAS Court then assigned to the matter dismissed the petition for failure to allege or prove that the claimed differences between petitioner and Rosner created a deadlock such that the ability of the company to function profitably was impaired under Business Corporation Law § 1104 (a) (1). However, the court did order an evidentiary hearing to determine whether, as petitioner claimed, dissolution would benefit the shareholders, pursuant to Business Corporation Law § 1104 (a) (3). In December 1994, the court issued a temporary restraining order directing petitioner to refrain from taking any unauthorized, unilateral corporate action.

Instead of proceeding with the hearing, the parties moved to renew and reargue their motions. In August 1995, the IAS Court to which the matter had been transferred found that petitioner's issuance of a "1995 Transition Plan" for the company after the October 1994 order had significantly changed the circumstances such that the relationship between the two principals had markedly deteriorated. The court, upon granting renewal and denying reargument, concluded that a hearing was no longer necessary and granted the petition for dissolution, apparently pursuant to Business Corporation Law § 1104 (a) (3).

Contrary to the court's finding, a hearing should have been held. Business Corporation Law § 1104 (a) (3) provides that a petition for dissolution may be brought on the grounds "[t]hat there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders." The fact that the parties disagree over petitioner's plan for the company's future is not dispositive of the fundamental issue of whether the conditions of the statute have been satisfied such that the extraordinary step of judicial dissolution is warranted (*Matter of Ricci v First Time Around*, 112 AD2d 794; *Matter of Myers v Gold*, 77 AD2d 652; *Matter of Wollman v Littman*, 35 AD2d 935). And the initiation of this proceeding alone—or even the existence of multiple lawsuits between the parties—is similarly insufficient for this purpose (*Matter of Wollman v Littman, supra*).

We note too that the tenor of the lawsuit cannot be cited to bootstrap the arguments made or justify the relief sought. It is Rosner's contention that petitioner deliberately created the underlying dispute for the very purpose of securing judicial dissolution and thereafter seizing the corporation for himself, his son and other management personnel. Indeed, despite the posturing of the parties, the corporation continues to flourish. It is petitioner's contention that the heart of the dispute involves the direction that the corporation will take in the future. Whether the differences on this issue are genuinely irreconcilable or terminal to the well-being of the corporation are among the issues to be determined at a hearing.

Accordingly, a hearing should be held to determine whether dissolution should be granted upon either ground alleged in the petition (Business Corporation Law § 1104 [a] [1], [3]). Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.