■ FREDERICK M. MOLOD, Individually and as President, Director and Shareholder of Molod & Berkowitz, P. C., Respondent, v SEYMOUR BERKOWITZ, Individually and as Secretary, Director and Shareholder of Molod & Berkowitz, P. C., Appellant, et al., Respondent. [649 NYS2d 438] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered April 8,

1996, granting petitioner's application pursuant to Business Corporation Law § 1104 for judicial dissolution of the subject law firm, and denying respondent's cross motion to dismiss the petition, unanimously affirmed, with costs.

"In the case of a close corporation the relationship between the shareholders is akin to that of partners and when the relationship begins to deteriorate, the ensuing deadlock and dissension can effectively destroy the orderly functioning of the corporation". (*Greer v Greer,* 124 AD2d 707, 708.) Here, the evidence of dissension between the two 50% shareholders of the subject law firm leaves no doubt that the firm cannot continue to function effectively, and no alternative exists but dissolution (*see, Matter of Cunningham & Kaming,* 75 AD2d 521, 522). Dissolution is not to be denied merely because the dissension has not yet had an appreciable impact on the firm's profitability (*Matter of Ronan Paint Corp.,* 98 AD2d 413, 418). Nor are any genuine issues of fact raised as to the possibility of reconciliation (*see, Matter of Glamorise Founds.,* 228 AD2d 187). Respondent does not deny his differences with petitioner as manifested in the several occurrences described by petitioner, but rather challenges the ostensible adverse impact of the dissension on the firm's continued functioning. That is a legal question that does not require a hearing. Concur—Sullivan, J. P., Rosenberger, Ellerin and Tom, JJ.