■ THE STATE OF NEW YORK, Plaintiff, v CHATSWORTH REALTY CORPORATION, Appellant. JOSEPH B. GOLDMAN, Nonparty Respondent. [726 NYS2d 845] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered August 15, 2000, which, to the extent appealed from as limited by the brief, granted the receiver judgment against defendant for unpaid commissions in total amount of $151,946, and which brings up for review an order, same court and Justice, entered June 1, 2000, which, upon the grant of the receiver's motion to

reargue the previously denied portion of his motion to judicially settle his final accounting, vacated as much of the court's order, entered June 11, 1999, as required the receiver to disgorge commissions taken in excess of $210,925.96 and granted the receiver's motion for judicial settlement of his final accounting in its entirety, unanimously affirmed, with costs to respondent receiver payable by appellant. Appeal from the aforesaid order entered June 1, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing August 15, 2000 judgment.

While it is not clear that the receivership at issue is in fact a CPLR receivership, and our prior decision in this matter (*see*, 143 AD2d 596, *appeal dismissed* 73 NY2d 995) notes that this receivership proceeding arises under Business Corporation Law § 1202 (a) (3), the award of commissions to the receiver pursuant to CPLR 8004 should nonetheless be affirmed. Between 1993 and 1996 the receiver made a series of five motions for interim commissions, in each instance specifying that the commissions were being sought pursuant to CPLR 8004. These motions were unopposed by defendant and the commissions were paid. Having inexcusably slept upon its rights, defendant may not now raise the issue of whether the award of commissions to the receiver under CPLR 8004 is appropriate (*see*, *Murphy v Pfeiffer Glass*, 11 AD2d 902). Had the issue been raised in timely fashion, the receiver could have, and, given the nature of the duties entailed by his receivership, undoubtedly would have taken steps formally to convert the receivership so as to eliminate any question as to his entitlement to commissions pursuant to CPLR 8004. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.