■ In the Matter of ERIC HEDICK, Appellant, v LAWRENCE HALSTEAD et al., Respondents. [786 NYS2d 619]—

Lahtinen, J. Appeal from an order of the Supreme Court (Spargo, J.), entered April 7, 2003 in Ulster County, which, inter alia, denied petitioner's application for a preliminary injunction.

After renting space for a recreation boat at respondent Lawrence Halstead's marina for several years, petitioner stopped making payments and left his boat at the marina when the rental agreement expired in October 2001. By early 2002, following several unsuccessful attempts to contact petitioner, Halstead spoke to petitioner and confirmed via e-mail that the typical charge for storage with no contract was $1.50 per foot per day, that Halstead would be willing to accept a month-to-month fee of $200, and that continued failure to pay would result in Halstead exercising a lien and selling the boat. Petitioner expressed that he was experiencing financial difficulties, but he acknowledged these terms and indicated that the $200 per month payment would be forthcoming. However, no payment was made and, in September 2002, Halstead served a notice of lien on petitioner. In October 2002, petitioner commenced a proceeding via an order to show cause seeking a preliminary injunction enjoining the sale of his boat, which had an

estimated value of $3,500 to $5,000. In an order entered in April 2003, Supreme Court denied the motion. Petitioner appeals.

We affirm. The party seeking a preliminary injunction must show a likelihood of success, irreparable injury and a balancing of the equities in favor of the movant (*see Battenkill Veterinary Equine v Cangelosi,* 1 AD3d 856, 857 [2003]; *Gray v Serbalik,* 257 AD2d 869, 870 [1999]). Here, the equities do not weigh in petitioner's favor since he has concededly paid nothing while leaving the boat on Halstead's premises since October 2001 and he has offered no viable legal reason for failing to make payments. Moreover, the record reflects that petitioner recently offered to sell the boat and such efforts militate against finding irreparable injury (*see Roushia v Harvey,* 260 AD2d 687, 687-688 [1999]). The preliminary injunction was properly denied.

Finally, we note that the underlying petition was not included in the record on appeal and, thus, any arguments regarding the allegations therein are not properly before us.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.