■ CLIFF HEPNER et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [810 NYS2d 663]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Huttner, J.), dated March 9, 2005, which, upon an order of the same court dated March 17, 2003, granting the motion of the defendant New York City Transit Authority to dismiss the complaint insofar as asserted against it, dismissed the complaint.

Ordered that the appeal is dismissed, with costs.

As a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiffs appealed from the order dated March 17, 2003, which granted the motion of the defendant New York City Transit Authority to dismiss the complaint insofar as asserted against it, but that appeal was dismissed by decision and order on motion of this Court dated February 6, 2004, for failure to prosecute. We decline to exercise our discretion to determine the merits of the instant appeal, which raises the same issues as could have been raised on the appeal from the order which was dismissed for lack of prosecution (*see Bray v Cox, supra*). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.