WILLIAM A. EKLUND et al., Appellants, v SUSAN E. PINKEY et al., Respondents. [810 NYS2d 547]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 8, 2005 in Delaware County, which, inter alia, granted defendants' cross motion to dismiss the complaint.

This action involves a dispute among family members over control of four closely-held corporations founded by Einar Eklund, who died in February 2005. His will bequeathed all of his shares of one of the corporations, Eklund Farm Machinery, Inc. (hereinafter EFM), to his son, plaintiff William A. Eklund, giving plaintiffs—William and members of his family—ownership of one half of EFM's shares. Plaintiffs already hold a one-half interest in a second corporation and are minority shareholders in the other two. Defendants—Einar's two daughters and members of their families—own the remaining shares of the four corporations. Fearing that defendants would use their ownership of one half of the shares of EFM to control or dissipate corporate assets before William received Einar's shares, plaintiffs commenced this action alleging that defendants had converted and were about to transfer corporate assets, and moved for a preliminary injunction. Defendants cross-moved for dismissal of the complaint for failure to state a cause of action. Plaintiffs then amended their complaint as of right within the time period prescribed by CPLR 3025. Alleging the same past and threatened acts of defendants, plaintiffs' clarified that they sought an accounting on behalf of the corporations rather than as individuals. Supreme Court denied plaintiffs' motion for a preliminary injunction and granted defendants' cross motion to dismiss the complaint. Plaintiffs appeal.

At oral argument, plaintiffs' counsel acknowledged that they no longer seek relief from Supreme Court's denial of a preliminary injunction. As to whether Supreme Court erred in dismissing plaintiffs' remaining claim, we find that dismissal was warranted because the amended complaint's allegations in support of an accounting are not "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). William's own affidavit provides no support, as it merely states that the complaint alleges conversion of corporate assets and then admits that he does not "know exactly what the defendants expected to accomplish at the [corporate] meeting which they called." Plaintiffs were required to set forth more than vague and conclusory allegations of conversion and such charges had to be supported by factual assertions of specific wrongdoing (*see Weimer v City of Johnstown*, 249 AD2d 608, 610 [1998], *lv denied* 92 NY2d 806 [1998]; *Confidence Transp. v Buck*, 218 AD2d 837, 840 [1995]).

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.