■ ERNIE OTTO CORPORATION, Appellant, v INLAND SOUTHEAST THOMPSON MONTICELLO, LLC, Defendant, and KIM HINE, Doing Business as KIM'S GIFTS, Respondent. [814 NYS2d 756]—

Peters, J. Appeal from an order of the Supreme Court (Clemente, J.) entered December 14, 2004 in Sullivan County, which, inter alia, on the Court's own motion, dismissed the complaint against defendant Kim Hine.

Kim's Mountain Gift Corporation (hereinafter Kim's)* has operated a gift store in the Monticello Mall in the Town of Monticello, Sullivan County, since 1993. In its original lease, Kim's was authorized to "sell[ ] fine gifts including porcelains, greeting cards and costume jewelry." In 1997, plaintiff, intending to open a greeting card store, entered into a lease agreement with the mall's landlord that contained a restrictive covenant. It prohibited the landlord from renting to "another Tenant dedicated primarily to the sale of greeting cards." The lease defined such a tenant as one that "has more than thirty-six (36) feet of rack for the sale of greeting cards." According to Arthur Hine, the principal of Kim's, in 1998 to 1999, after plaintiff opened its store, Kim's doubled the size of its store and expanded its rack space to approximately 120 to 150 feet. In May 2004, its rack space was expanded by another 20 feet. Notably, each time that the mall was conveyed to a different owner and lessor, including defendant Inland Southeast Thompson Monticello, LLC, the restrictive covenant contained in plaintiff's lease was reaffirmed.

Plaintiff contends that it first learned of the expansion of

* Kim's was incorrectly sued as "Kim Hine, doing business as Kim's Gifts."

Kim's in May 2004, and that such expansion negatively effected its business. Plaintiff sent a letter to both Inland and Kim's, alleging a violation of the restrictive covenant, and a demand that Kim's discontinue its sale of greeting cards. Inland advised that Kim's was always permitted to sell greeting cards unless it had more than "thirty-six (36) feet of rack." Kim's refused to remove its additional racks, contending that it was fully authorized to sell greeting cards by its lease. In response to the actions taken by plaintiff, Kim's alleged that it had a viable claim against plaintiff for trademark infringement and tortious interference.

Plaintiff sought injunctive and monetary relief against both defendants, and specific performance of its contract against Inland. It also moved, by order to show cause, for a preliminary injunction. Kim's served a verified answer and counterclaim seeking a dismissal of the complaint and cross-moved for injunctive relief against plaintiff. Supreme Court dismissed the complaint, in its entirety, finding that plaintiff could not assert a breach of contract claim against Kim's since they did not share contractual privity. It also dismissed the counterclaim of Kim's alleging tortious interference. Plaintiff appeals, solely contending that Supreme Court erred in dismissing its cause of action against Kim's for injunctive relief.

To prevail on a motion for a preliminary injunction, the movant must demonstrate "a likelihood of success, irreparable injury and a balancing of the equities in [its] favor" (*Matter of Hedick v Halstead*, 13 AD3d 755, 756 [2004]). Plaintiff contends that based upon *Won's Cards v Samsondale/Haverstraw Equities* (165 AD2d 157 [1991]), a tenant having a restrictive covenant in its lease may obtain injunctive relief against another tenant, despite a lack of contractual privity, so long as the other tenant "had knowledge, actual or constructive, as to the existence of the exclusive use covenant . . . when [it] executed its [own] lease with" the landlord (*id.* at 162). Alleging that Kim's had notice of its restrictive covenant, plaintiff contends that Supreme Court erred in granting summary judgment, sua sponte, on the claim for injunctive relief before all questions of fact had been resolved.

We agree that the sharp factual dispute between these parties regarding the knowledge by Kim's of the restrictive covenant precluded a temporary injunction (*see Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]). However, there is evidence that the expansion of Kim's in "1998-1999," after plaintiff rented its store, presumptively entailed an amendment to the original lease of Kim's. For these reasons, a question of

fact exists as to whether Kim's was made aware of the exclusive covenant (*compare Fox v Congel*, 75 AD2d 681, 682 [1980]). Accordingly, Supreme Court erred when it granted, on its own motion, summary judgment to Kim's, dismissing plaintiff's cause of action for injunctive relief (*see Won's Cards v Samsondale/ Haverstaw Equities, supra* at 163).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the cause of action seeking injunctive relief against defendant Kim Hine, and, as so modified, affirmed.