■ In the Matter of WOODLAWN MRI SERVICES, INC. FRANK CASATELLI, Petitioner; CATHERINE SULLIVAN et al., Respondents-Appellants. ROBERT D. GOODSTEIN, Nonparty Respondent. In

the Matter of PELHAM BAY OPEN MRI, INC. FRANK CASATELLI, Petitioner; CATHERINE SULLIVAN et al., Appellants. ROBERT D. GOODSTEIN, Nonparty Respondent. In the Matter of ROCKVILLE CENTER MRI, INC. FRANK CASATELLI, Petitioner; CATHERINE SULLIVAN et al., Appellants. ROBERT D. GOODSTEIN, Nonparty Respondent. [815 NYS2d 477]—

In a consolidated proceeding for the judicial dissolution of three corporations pursuant to Business Corporation Law § 1104, which were subsequently discontinued by stipulation of settlement of the parties, the appeal, as limited by the appellants' brief, is from stated portions of an order of the Supreme Court, Westchester County (Rudolph, J.), dated September 17, 2004, which, inter alia, granted those branches of the motion of Robert D. Goodstein, the temporary receiver, which were to approve his calculation of his commissions for the period from March 1, 2004 through April 30, 2004, to authorize the receiver to pay himself the sum of $19,866.60 as his commissions and costs, and to relieve and discharge him from any further duties.

Ordered that the appeal is dismissed, with costs.

In three separate orders dated July 2, 2003, the Supreme Court appointed Robert D. Goodstein as temporary receiver for the three subject corporations. Those orders cited CPLR article 64 with respect to temporary receivers and directed that the temporary receiver was entitled to commissions pursuant to CPLR 8004 (a). John Sullivan, the appellants' decedent, filed a notice of appeal from each of those orders.

While those appeals were pending, the temporary receiver moved for interim awards of commissions pursuant to CPLR 8004 on a monthly basis. Those motions were granted without opposition. Since Sullivan did not challenge the propriety of the interim awards in a timely fashion, those awards should not be considered on the instant appeal from the order relieving and discharging the temporary receiver and authorizing a final payment of commissions and costs (see State of New York v Chatsworth Realty Corp., 284 AD2d 260, 261 [2001]; Murphy v Pfeiffer Glass, 11 AD2d 902 [1960]).

By decision and order on motion of this Court dated May 24, 2004, John Sullivan's appeals from the orders dated July 2, 2003, were dismissed for failure to perfect those appeals. As a general rule, we do not consider an issue raised on a subsequent appeal that was raised or could have been raised in a prior appeal which was failure to prosecute although the Court has the inherent jurisdiction to do so (see Rubeo v National Grange

*Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]; *Hepner v New York City Tr. Auth.,* 27 AD3d 418 [2006]). Under the circumstances of this case, we decline to exercise our discretion to determine the merits of the instant appeal (*see Bray v Cox, supra; Hepner v New York City Tr. Auth., supra*). Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.