■ WILLIAM A. EKLUND et al., Appellants, v SUSAN E. PINKEY et al., Respondents. [816 NYS2d 912]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered November 21, 2005 in Delaware County, which, inter alia, declared that a restriction on the transfer of certain stock applied only to voluntary transfers.

As described more fully in our decision in a prior related action (*Eklund v Pinkey*, 27 AD3d 878 [2006]), the parties are family members who own shares in four closely-held corporations. Under the bylaws of each corporation, the parties' shares are subject to a covenant restricting their transferability by giving first the corporation and then the other shareholders the right to purchase any shares before they can be transferred to a third party. When plaintiffs commenced this action seeking a judgment declaring that the covenant is valid and enforceable, defendants responded by, among other things, seeking a declaration that the covenant is valid, but applicable only to voluntary transfers of shares. Defendants argued that the covenant

would not restrict a dissolution proceeding or a forced sale of shares pursuant to the Business Corporation Law. Agreeing, Supreme Court granted an order declaring that the restrictions apply only to voluntary transfers, prompting plaintiffs' appeal.

We agree with Supreme Court that the restrictive covenant would not apply to dissolution of the corporation (*see* Business Corporation Law §§ 1103, 1104, 1104-a) or a forced sale of shares to other shareholders or to the corporation (*see* Business Corporation Law §§ 623, 1118). In the event of dissolution, the covenant would not be applicable because it would be the property of the corporation, rather than its shares, that would be distributed or sold (*see* Business Corporation Law § 1111 [c]). Also, because the covenant does not explicitly deem a forced sale or buyout pursuant to the Business Corporation Law to be a transfer, the restrictive covenant is not applicable to defendants' election of a right under Business Corporation Law §§ 623 or 1118 (*see generally Matter of Friedman v Beway Realty Corp.*, 87 NY2d 161, 170 [1995]; *Matter of Pace Photographers [Rosen]*, 71 NY2d 737, 747-749 [1988]). Accordingly, Supreme Court did not err by concluding that the restrictions apply only to voluntary transfers of corporate shares.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.