■ WILLIAM A. EKLUND et al., Appellants, v SUSAN E. PINKEY et al., Respondents. [819 NYS2d 586]—

Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 13, 2005 in Otsego County, which, inter alia, granted defendants' motion for a preliminary injunction.

This is the third time the parties have been before us in their ongoing dispute over control of their intertwined family corporations (*see Eklund v Pinkey*, 30 AD3d 957 [2006]; *Eklund v Pinkey*, 27 AD3d 878 [2006]). The individual plaintiffs (hereinafter plaintiffs) own 42% of the shares of defendant D.S.W. Farms, Inc., and one half of the shares of plaintiff Eklund Farm Machinery, Inc. and plaintiff Eklund Farms, Inc. The individual defendants (hereinafter defendants) own the remaining shares of each. After defendants held a meeting purporting to make defendant Susan E. Pinkey and defendant Dorothy E.S. Anderson the sole officers of D.S.W. Farms, plaintiffs commenced this action seeking an injunction and a declaration that defendants' actions were unlawful and improper. Defendants, in turn, asserted counterclaims seeking a declaration that plaintiffs' control of corporate assets was improper, an accounting and money damages upon a shareholder derivative claim, and an injunction. Supreme Court then granted defendants' motion for a preliminary injunction restraining plaintiffs from, among other things, transferring, disposing, selling, encumbering or otherwise affecting the assets of all three corporations, without providing any written explanation of its reasoning or requiring defendants to post an undertaking.

Plaintiffs and Eklund Farms now appeal, contending that Supreme Court abused its discretion in granting a preliminary injunction. We agree, inasmuch as the party seeking the drastic remedy of a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Marietta Corp. v Fairhurst*, 301 AD2d 734, 736 [2003]; *Vanderminden v Vanderminden*, 226 AD2d 1037, 1040 [1996]). While mere issues of fact will not preclude a preliminary injunction (*see* CPLR 6312 [c]), sharp factual disputes obscuring the likelihood of success will bar the remedy (*see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 28 AD3d 911, 912 [2006]; *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]; *Winkler v Kingston Hous. Auth.*, 238 AD2d 711, 712 [1997]).

Here, defendants' claims focus on the question of whether they or plaintiffs had—and now have—authority to act as the duly elected directors and officers of D.S.W. Farms. The answers

to these questions depend, in part, upon whether plaintiff William A. Eklund was president of D.S.W. Farms at the time of the actions about which defendants complain, and upon whether the corporate meetings conducted by defendants on August 9, 2005 were effective to preclude plaintiffs' control thereafter.

As to the first question, plaintiffs claim that their authority stems from an annual meeting of D.S.W. Farms held on December 30, 2004. Defendants allege that no legitimate annual meeting of D.S.W. Farms was held after February 2001. The record, however, reflects that Eklund was elected president of D.S.W. Farms at its annual meeting in February 2001. If, as defendants allege, no further legitimate meeting of D.S.W. Farms was held until August 9, 2005, then Eklund would have continued as president until that time because the corporate bylaws provide that officers continue in office until duly removed or a successor is elected (*see* Business Corporation Law § 715 [c], [d]). Since the record appears to show that Eklund had authority to act on behalf of D.S.W. Farms at least until the meeting held by defendants in August 2005, they failed to demonstrate a likelihood of success on their claim that he acted without authority prior to August 9, 2005.

As to whether plaintiffs' authority continued thereafter, defendants contend that they called a special meeting of the shareholders on that date pursuant to Business Corporation Law § 605. To do so, however, they were required to comply with the requirements of Business Corporation Law § 602 (c), which states that "[s]pecial meetings of the shareholders may be called by the board and by such person or persons as may be so authorized by the . . . by-laws." The bylaws of DSW Farms authorize only the board or the president to call a special meeting of the shareholders. Instead, defendants, in their notice, called the meeting in their capacity as "the majority of the shareholders of the corporation," an avenue which is not authorized under these circumstances either by statute or the corporation's bylaws. In light of this apparent failure to properly call and notice the special meeting of August 9, 2005, defendants failed to demonstrate a likelihood of success on their claim that Eklund acted without authority after that date (*see Matter of Goldfield Corp. v General Host Corp.*, 29 NY2d 264, 269 [1971]; *Collins v Telcoa Intl. Corp.*, 283 AD2d 128, 132 [2001]).

Finally, inasmuch as Eklund denies or explains each of the instances when he allegedly acted improperly or to the detriment of the corporation, there is a sharp factual dispute as to whether his operation of D.S.W. Farms and Eklund Farm Machinery supports defendants' counterclaims. Given Eklund's apparent

authority to act and the sharply conflicting evidence as to whether his actions were improper, Supreme Court abused its discretion in granting a preliminary injunction (*see e.g. Rockowitz v Raab*, 132 AD2d 916, 918-919 [1987]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for a preliminary injunction; motion denied; and, as so modified, affirmed.