■ In the Matter of the Dissolution of EKLUND FARM MACHINERY, INC. SUSAN E. PINKEY et al., Respondents; WILLIAM A. EKLUND et al., Appellants. [836 NYS2d 732]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 5, 2006 in Delaware County, which, inter alia, granted petitioners' application, in a proceeding pursuant to Business Corporation Law article 11, to direct the judicial dissolution of Eklund Farm Machinery, Inc.

Petitioners, who collectively own 50% of the shares of Eklund Farm Machinery, Inc. (hereinafter EFM), commenced this proceeding pursuant to Business Corporation Law § 1104 seeking to dissolve EFM. Among other things, they alleged that, pursuant to Business Corporation Law § 1104 (a) (3), EFM's two factions of shareholders are so irreconcilably divided that dissolution would be beneficial to shareholders. Respondents, the owners of the remaining shares of EFM, moved to dismiss the petition by raising objections in point of law pursuant to CPLR 404 (a) and 3211 (a) (7). Among them, respondents asserted that petitioners lack standing. Supreme Court resolved that issue in petitioners' favor and then, aware of the parties' involvement in accrimonious and continuing litigation concerning control of EFM and three other intertwined family corporations (see Eklund v Pinkey, 31 AD3d 908 [2006]; Eklund v Pinkey, 30 AD3d 957 [2006], lv denied 8 NY3d 801 [2007]; Eklund v Pinkey, 27 AD3d 878 [2006]), treated the motion as one for summary judgment, found dissension among the shareholder factions to be "patently obvious" and granted the petition.

Respondents now appeal, arguing that Supreme Court erred in converting their motion for dismissal to one for summary judgment because, if they were given an opportunity to respond, they would raise a question of fact as to whether petitioners had acted in bad faith by creating dissension solely to compel dissolution. While it would certainly be appropriate to deny summary dissolution under Business Corporation Law § 1104 (a) (3) where one shareholder faction intentionally creates a dispute which may not be genuinely irreconcilable (see Matter of Glamorise Founds., 228 AD2d 187, 189 [1996]), the record would not support such a conclusion here. EFM has been under the sole control of respondents, petitioners have been excluded from

the management and records of the corporation, and petitioners derive no benefit whatsoever from their shares. Nor do petitioners have any immediate prospect of selling the shares due to restrictions on their transferability. As a result, even if petitioners were shown to have created dissension to obtain dissolution, Supreme Court could not conclude that it was in bad faith or that the parties' differences were reconcilable. Given these circumstances, "the underlying reason for the dissension is of no moment" and a judicial remedy is appropriate (*Matter of T.J. Ronan Paint Corp.*, 98 AD2d 413, 422 [1984]; *see Matter of Goodman v Lovett*, 200 AD2d 670, 670-671 [1994], *lv dismissed* 84 NY2d 850 [1994]; *Matter of Gordon & Weiss*, 32 AD2d 279, 281 [1969]). Also without merit is respondents' alternate contention that dissolution should not be granted because it would be beneficial to only one half of the shareholders. While respondents may receive a myriad of benefits from their control of the business, they do not dispute that petitioners receive none. If judicial dissolution will benefit petitioners, it will benefit the other one half of the shareholders to the same degree.

Accordingly, although Supreme Court should have notified the parties of its intention to treat respondents' motion for dismissal as one for summary judgment (*see Matter of Karedes v Colella*, 306 AD2d 769, 769 [2003]; *Matter of Phillips v Town of Clifton Park Water Auth.*, 215 AD2d 924, 926 [1995]), respondents have identified no material factual issues (*see Matter of Baum v Town Bd. of Town of Sand Lake*, 98 AD2d 918, 919 [1983]) and we conclude that the court did not err in summarily granting dissolution.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.