■ In the Matter of the Dissolution of EKLUND FARM MACHINERY, INC. SUSAN EKLUND PINKEY et al., Petitioners; EKLUND FARM MACHINERY, INC., Appellant-Respondent. MATTHEW B. TULLY, as Receiver of EKLUND FARM MACHINERY, INC., Respondent-Appellant. [903 NYS2d 157]—

Rose, J. Cross appeals from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered April 20, 2009 in Delaware County, which, among other things, partially granted the receiver's motion for commissions pursuant to Business Corporation Law article 12.

The parties to this involuntary dissolution proceeding have been involved in extensive litigation since 2006 (*see Matter of Eklund Farm Mach., Inc.*, 40 AD3d 1325 [2007]; *Eklund v Pinkey*, 31 AD3d 908 [2006]; *Eklund v Pinkey*, 30 AD3d 957 [2006], *lv denied* 8 NY3d 801 [2007]; *Eklund v Pinkey*, 27 AD3d 878 [2006]). Following the appointment of a receiver for Eklund Farm Machinery, Inc. (hereinafter EFM), Supreme Court entered two orders—one in 2007 (Coccoma, J.) and one in 2008 (Reynolds Fitzgerald, J.)—awarding commissions that were computed by applying the percentages prescribed in Business Corporation Law § 1217 to both the sums received and again to those disbursed by the receiver.* The dissolution proceeding then settled, making a sale of EFM's assets unnecessary. When the receiver submitted a final application for commissions based upon transactions occurring after his prior applications, EFM objected and cross-moved for modification of the commissions that had been previously awarded, arguing that the method of calculation used was incorrect. Supreme Court (Reynolds Fitzgerald, J.) refused to modify the earlier orders because EFM had not objected to them when they were made. The court agreed with the method of calculation proposed by EFM, however, and calculated the final award of commissions by applying the statutory percentage only once to the sums that had passed through the hands of the receiver since the second award. EFM and the receiver now cross-appeal.

We decline to review Supreme Court's denial of EFM's cross

---

* As relevant here, Business Corporation Law § 1217 (a) provides: "A receiver shall be entitled, in addition to his [or her] necessary expenses, to such commissions upon the sums received and disbursed as may be allowed by the court, as follows[,]" and then lists percentages to be applied to certain dollar amounts.

motion for recalculation and modification of the two earlier awards of commissions. Inasmuch as EFM could have challenged the propriety of these interim awards in a timely fashion, but did not do so, we decline to exercise our discretion to revisit them on this appeal from the final award (*see Matter of Woodlawn MRI Servs. Inc.*, 29 AD3d 1011, 1012 [2006]; *State of New York v Chatsworth Realty Corp.*, 284 AD2d 260, 261 [2001], *lv denied* 97 NY2d 604 [2001]; *Murphy v Pfeiffer Glass*, 11 AD2d 902 [1960]).

On the other hand, we cannot agree with the receiver's contention that Supreme Court should have adhered to its prior method of calculation and awarded his final commissions based upon the application of the statutory percentage to the amounts received and then again to the amounts disbursed. Although we have not previously considered this specific question of whether Business Corporation Law § 1217 (a) authorizes awards of commissions calculated upon both the "sums received and disbursed," we note the interpretations given by other courts to the similar language in CPLR 8004 (*see Eastrich Multiple Inv. Fund v Citiwide Dev. Assoc.*, 218 AD2d 43, 44 [1996]; *Coronet Capital Co. v Spodek*, 202 AD2d 20, 26-27 [1994]; *People v Abbott Manor Nursing Home*, 112 AD2d 40, 41 [1985]), and we read the statute here as contemplating that the commission paid to a receiver will be the statutory percentage of the amount that has been both collected *and* disbursed. That is, "a commission is due upon the total amount which passes through the receiver's hands" (*Matter of Jakubowicz v A.C. Green Elec. Contrs., Inc.*, 25 AD3d 146, 150 [2005] [internal quotation marks omitted]). Accordingly, we conclude that Supreme Court did not err in denying EFM's cross motion and granting commissions based upon the total amount that passed through the receiver's hands.

Mercure, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.