■ JOHN P. MANNION et al., Appellants, v LIZZA INDUSTRIES, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated July 15, 1985, which dismissed their complaint as

against the defendant Lizza Industries, Inc., after the presentation of evidence by the parties, for failure to make out a prima facie case.

Ordered that the judgment is affirmed, with costs.

On June 6, 1979, the plaintiff John P. Mannion was employed as an inspector for the County of Nassau at a road construction site when he was struck by a car driven by one Walter Reiken. The defendant is the contractor that was engaged in the repair of the roadway at the time of the occurrence. The evidence in the record establishes that the sole proximate cause of the plaintiff John P. Mannion's injuries was the act of the driver, Reiken, who, after having been properly stopped by the defendant's flagman at the road construction site, accelerated his car into the wrong lane, contrary to the instructions of the flagman, thereby striking the plaintiff John P. Mannion. Although the plaintiffs sought to establish that the defendant was negligent in providing for traffic control at the construction site, we find that the supervening act of the driver broke any such causal nexus *(see, e.g., Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). At best, the construction-site road condition "merely furnished the condition * * * for the occurrence of the event rather than [being] one of its causes" *(Sheehan v City of New York,* 40 NY2d 496, 503; *see, Stone v Williams,* 64 NY2d 639; *Margolin v Friedman,* 43 NY2d 982, 983; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 471). Since the plaintiffs failed to establish that any acts of the defendant were a proximate cause of this occurrence, the complaint was properly dismissed as against the defendant *(see, Boltax v Joy Day Camp,* 67 NY2d 617; *Sheehan v City of New York, supra).*

In view of our determination that the actions of the defendant's employees were not a proximate cause of this accident, as a matter of law, we find the plaintiffs' remaining contentions to be without merit. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.