■ DOLORES FARRELL et al., Appellants, v LEOPOLD B. LOWY et al., Defendants, and VILLAGE OF WESTBURY et al., Respondents. [597 NYS2d 126] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated March 19, 1991, which granted the separate motions of the defendants County of Nassau and Village of Westbury for summary judgment dismissing the complaint and any cross claims against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On April 23, 1988, the plaintiff Dolores Farrell was running in a five-mile charity race organized by the defendant Westbury-Carle Place Rotary Club. The defendants Town of North Hempstead, Village of Westbury, and County of Nassau assisted in providing police protection and in blocking off traffic from the streets which comprised the race course. At approximately 9:30 A.M., the defendant Leopold Lowy, contrary to the instructions given to him by the Village Superintendent of Public Works, drove his car over some traffic cones blocking off Asbury Avenue, turned onto Ellison Avenue, and struck the plaintiff shortly thereafter. The plaintiffs contend that there exist numerous questions of fact as to the negligence of the defendants Village and County which preclude summary judgment in their favor. We disagree.

It is well established that while a defendant remains liable for all normal and foreseeable consequences of his acts, an intervening act will constitute a superseding cause and will serve to relieve the defendant of liability when the act is of such an extraordinary nature or so attenuates the defendant's conduct from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant *(see, Mack v Altmans Stage Light. Co.,* 98 AD2d 468; *see also, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Although the plaintiffs herein sought to establish that the Village and County were negligent in providing for traffic control during the race, it is clear that under the circumstances of this case the supervening act of the defendant Lowy broke any chain of causation *(see, Mannion v Lizza Indus.,* 127 AD2d 567; *see also, Campbell v State of New York,* 158 AD2d 499; *Rivera v Goldstein,* 152 AD2d 556; *Grandy v Bavaro,* 134 AD2d 957). Since the plaintiffs failed to produce any evidence that any acts of the Village or County were a proximate cause of the

accident, summary judgment dismissing the complaint as against them was properly granted. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.