■ DAIN R. HUBER et al., Respondents, v KAREN M. MALONE et al., Defendants and First and Second Third-Party Plaintiffs-Appellants, and ROBERT J. CIACCIO, Doing Business as BOB'S EXXON, Defendant and First Third-Party Defendant and Fourth-Party Plaintiff-Respondent. TYREE MAINTENANCE CO., First Third-Party Defendant-Respondent; LARRY E. TYREE CO., INC., Second and Third Third-Party Defendant-Respondent; EXXON COMPANY, U.S.A., a Division of EXXON CORPORATION, Fourth-Party Defendant-Respondent. [645 NYS2d 526] —In an action to recover damages for personal injuries, etc., the defendants first and second third-party plaintiffs Karen M. Malone and William P. Malone appeal from an order of the Supreme Court, Suffolk County (Lama, J.), dated May 16, 1995, which (1) granted the separate motions of the defendant and first third-party defendant Robert J. Ciaccio d/b/a Bob's Exxon, the first third-party defendant Tyree Maintenance Co., the second and third third-party defendant Larry E. Tyree & Co., Inc., and the fourth-party defendant Exxon Company, U.S.A., a

Division of Exxon Corporation, for summary judgment dismissing the complaints, third-party complaints, fourth-party complaints, and all cross claims and counterclaims insofar as asserted against them, and (2) severed the action against the remaining defendants Karen M. Malone and William P. Malone.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

It is well established that while a party remains liable for all normal and foreseeable consequences of his acts, an intervening act will constitute a superseding cause and will serve to relieve that party of liability when the act is of such an extraordinary nature or so attenuates that party's conduct from the ultimate injury that responsibility for the injury may not be reasonably attributed to that party *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Sheehan v City of New York,* 40 NY2d 496, 503; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). No duty is imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence *(see, Boltax v Joy Day Camp,* 67 NY2d 617; *Detko v McDonalds Rests.,* 198 AD2d 208; *Rivera v Goldstein,* 152 AD2d 556, 557; *Grandy v Bavaro,* 134 AD2d 957). Further, it is well settled that "there is no duty to warn against a condition that can be readily observed by·a reasonable use of one's senses" *(see, Zaffiris v O'Loughlin,* 184 AD2d 696; *Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665; *see also, Burns v Mastroianni,* 173 AD2d 754; *Lester v Jolicofur,* 120 AD2d 574, 575; *Cimino v Town of Hempstead,* 110 AD2d 805, 806, *affd* 66 NY2d 709; *McAlister v Schwartz,* 105 AD2d 731, 733).

Although the appellants herein sought to establish that the codefendant, and third and fourth-party defendants were negligent, it is clear that under the circumstances of this case, the conduct of the appellant William P. Malone effectively broke any causal nexus linking any alleged negligence on the part of any of the other parties with the plaintiff Dain Huber's injuries *(see, Farrell v Lowy,* 192 AD2d 691; *Rivera v Goldstein,* 152 AD2d 556; *Grandy v Bavaro,* 134 AD2d 957, *supra; Mannion v Lizza Indus.,* 127 AD2d 567, 568; *Cimino v Town of Hempstead, supra; Herman v State of New York,* 94 AD2d 161, 163, *affd* 63 NY2d 822). Since the appellants failed to establish that any acts of the codefendant, the third-party defendants, or the fourth-party defendant were a proximate cause of this occurrence, the complaints, cross claims, and counterclaims insofar

as asserted against each of these parties were properly dismissed *(see, Boltax v Joy Day Camp,* 67 NY2d 617; *Sheehan v City of New York, supra).*

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.