■ JOHN MAKSUTA et al., Appellants, v C. GALIATSATOS, Also Known as CHRISOSTOMOS GALIATSATOS, et al., Appellants, and SORBARA CONSTRUCTION CORP., Respondent. [879 NYS2d 538]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated February 6, 2008, as, in effect, upon renewal and reargument, adhered to the determination in a prior order dated March 7, 2007, granting that branch of the motion of the defendant

Sorbara Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants C. Galiatsatos, also known as Chrisostomos Galiatsatos, and Pavlos Galiatsatos separately appeal, as limited by their brief, from so much of the same order as, in effect, upon renewal and reargument, adhered to the determination in the order dated March 7, 2007, granting the motion of the defendant Sorbara Construction Corp. for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that the order dated February 6, 2008 is affirmed insofar as appealed from, with one bill of costs payable to the respondent.

As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). The plaintiffs appealed from the order dated March 7, 2007, which, inter alia, granted that branch of the motion of the defendant Sorbara Construction Corp. (hereinafter Sorbara) which was for summary judgment dismissing the complaint insofar as asserted against it, but abandoned that appeal after the Supreme Court, in an order dated February 6, 2008, made, in effect, upon renewal and reargument, adhered to the original determination. As a consequence of the plaintiffs' failure timely to perfect their appeal from the order dated March 7, 2007, that appeal was dismissed for failure to prosecute. The better practice would have been for the plaintiffs to withdraw their prior appeal, rather than abandon it. Nonetheless, under the circumstances, we exercise our discretion to review the issues raised on the plaintiffs' appeal from the order made, in effect, upon renewal and reargument (see generally Cesar v Highland Care Ctr., Inc., 37 AD3d 393 [2007]).

The Supreme Court, in effect, upon renewal and reargument, properly adhered to its original determination. Sorbara established, prima facie, that its alleged negligence was not a proximate cause of the accident (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]; Mannion v Lizza Indus., 127 AD2d 567 [1987]). In opposition, the plaintiffs and the defendants C. Galiatsatos, also known as Chrisostomos Galiatsatos, and Pavlos Galiatsatos, failed to raise a triable issue of fact. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.

---

Motion by the respondent to dismiss an appeal by the

plaintiffs from an order of the Supreme Court, Kings County, dated February 6, 2008, on the ground that review of the order is precluded by the doctrine enunciated in *Rubeo v National Grange Mut. Ins. Co.* (93 NY2d 750 [1999]) and *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated August 21, 2008 [2008 NY Slip Op 80787(U)], the motion was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is denied for the reasons stated in the decision and order (*Maksuta v Galiatsatos* [decided herewith]; *see Faricelli v TSS Seedman's,* 94 NY2d 772, 774 [1999]). Mastro, J.P., Miller, Chambers and Austin, JJ., concur.