■ Edward K. Kitt, Respondent, v Ira C. Podlofsky, Appellant. [898 NYS2d 879]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated August 22, 2008, which, upon an order of the same court dated June 23, 2008, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 (3) to strike his answer, and an order of the same court dated August 11, 2008, granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action, and denying his cross motion for leave to

reargue or renew his opposition to that branch of the plaintiff's prior motion which was pursuant to CPLR 3126 (3), is in favor of the plaintiff and against him in the principal sum of $95,000.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 3126 (3) to strike the defendant's answer is denied, that branch of the plaintiff's motion which was for summary judgment on the first cause of action is denied, the defendant's cross motion is denied as unnecessary, and the orders are modified accordingly.

As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). Here, the defendant appealed from an order dated June 23, 2008, which granted that branch of the plaintiff's motion which was to strike his answer. Thereafter, the plaintiff moved, inter alia, for summary judgment on the first cause of action, and the defendant cross-moved for leave to reargue and renew his opposition to the plaintiff's prior motion. In an order dated August 11, 2008, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, and denied the defendant's cross motion. A judgment dated August 22, 2008, subsequently was entered against the defendant in the principal sum of $95,000, from which the defendant now appeals, raising only the issue of whether his answer was properly stricken. The defendant failed to timely perfect his appeal from the order dated June 23, 2008, and as a result, on its own motion, this Court dismissed the appeal from that order for failure to prosecute. The better practice would have been for the defendant to have withdrawn his appeal from the order dated June 23, 2008, rather than abandon it. Nevertheless, under the circumstances, we exercise our discretion to review the issue raised on the defendant's appeal from the judgment (see *Maksuta v Galiatsatos*, 62 AD3d 841, 842 [2009]; *Neuburger v Sidoruk*, 60 AD3d 650, 651-652 [2009]).

Striking a defendant's answer is a drastic remedy which is " 'inappropriate absent a clear showing that failure to comply with discovery demands was willful and contumacious' " (*Argo v Queens Surface Corp.*, 58 AD3d 656, 656 [2009], quoting *Paca v City of New York*, 51 AD3d 991, 993 [2008]). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands and/or

to comply with discovery orders" (*Dank v Sears Holding Mgt. Corp.*, 69 AD3d 557, 557 [2010]). We agree with the defendant that on the instant record, his conduct did not rise to the level of willful and contumacious, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 (3) to strike the defendant's answer should have been denied. Furthermore, that branch of the plaintiff's subsequent motion which was for summary judgment on the first cause of action was predicated solely on the striking of the defendant's answer and, thus, also should have been denied. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.

---

Motion by the respondent on an appeal from a judgment of the Supreme Court, Nassau County, dated August 22, 2008, to dismiss the appeal on the ground that review of the issue presented is precluded by the doctrine enunciated in *Rubeo v National Grange Mut. Ins. Co.* (93 NY2d 750 [1999]), and *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated September 2, 2009, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied for the reasons stated in the decision and order of this Court (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]). Covello, J.P., Miller, Dickerson and Belen, JJ., concur.