■ MARK H. THOMAS et al., Appellants, v WILLIAM S. KIRILUK et al., Respondents. [944 NYS2d 262]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered February 16, 2011, as, upon an order of the same court dated November 10, 2010, granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract and in quantum meruit, is in favor of the defendants and against them, dismissing those causes of action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so" (*Kitt v Podlofsky*, 72 AD3d 1030, 1031 [2010]; *see Bray v Cox*, 38 NY2d 350 [1976]). Here, the plaintiffs appealed from an order dated November 10, 2010, which granted the defendants' motion for summary judgment dismissing the complaint, but the appeal was dismissed by decision and order on motion of this Court dated October 24, 2011, for failure to prosecute. Nevertheless, under the circumstances, we exercise our discretion to review the issues raised by the plaintiffs on their appeal from the judgment (*see Kitt v Podlofsky*, 72 AD3d at 1031).

Contrary to the plaintiffs' contention, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first two causes of actions seeking to recover damages based on breach of contract and quantum meruit. The defendants demonstrated that they paid the plaintiffs more than the contract price claimed by the plaintiffs and more than the reasonable value of the labor and materials provided. In opposition to the defendants' motion, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract and in quantum meruit.

In light of our determination, we need not reach the parties' remaining contentions. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.