In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Janice A. Crippen appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), entered June 7, 2011, which, upon an order of the same court dated April 13, 2011, granting the petition and confirming the arbitration award, is in favor of the petitioner and against her in the principal sum of $13,986.
Ordered that the judgment is affirmed, with costs.
As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised on an earlier appeal that was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). Here, Janice A. Crippen appealed from an order dated April 13, 2011, which granted a petition to confirm an arbitration award. On June 7, 2011, a judgment was subsequently entered against Crippen in the principal sum of $13,986, from which she now appeals. Thereafter, Crippen’s appeal from the order dated April 13, 2011, was dismissed by this Court for failure to prosecute. While Crippen ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]), under the circumstances of this case, we exercise our discretion to determine those issues on the instant appeal (see Ravina v Hsing Hsung Chuang, 95 AD3d 1288, 1288-1289 [2012]; Khaimova v City of New York, 95 AD3d 1280, 1281 [2012]; Kitt v Podlofsky, 72 AD3d 1030, 1031 [2010]; Maksuta v Galiatsatos, 62 AD3d 841, 842 [2009]).
*920 The Supreme Court properly granted the petition to confirm the arbitration award at issue here. Crippen failed to timely commence an action for de novo review of the merits of the parties’ legal fee dispute following arbitration (see 22 NYCRR 137.8). Contrary to her contention, the 30-day period in which a party aggrieved by an arbitration award in a legal fee dispute may commence an action for de novo review of that award is absolute and, thus, the Supreme Court did not have discretion to excuse her late commencement of an action for de novo review (see 22 NYCRR 137.8; Pruzan v Levine, 18 Misc 3d 70, 73 [App Term, 2d Dept 2007]; cf. Chase v Scalici, 97 AD2d 25, 27-29 [1983]).
We decline the petitioner’s request to impose sanctions against Crippen and her counsel in connection with this appeal (see generally 22 NYCRR 130-1.1). Dillon, J.E, Dickerson, Austin and Miller, JJ., concur.