Babcock v Orange & Rockland Utils., Inc. (2020 NY Slip Op 00395)





Babcock v Orange & Rockland Utils., Inc.


2020 NY Slip Op 00395


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08048
 (Index No. 32002/16)

[*1]Arthur Babcock, et al., appellants, 
v
Orange and Rockland Utilities, Inc., et al., defendants, Town of Clarkstown, respondent.


Anthony J. Cugini, Jr., Esq., P.C., Riverdale, NY (Louis A. Badolato of counsel), for appellants.
Harold Y. MacCartney, Jr., Upper Nyack, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 18, 2017. The order granted that branch of the motion of the defendant Town of Clarkstown which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff Arthur Babcock (hereinafter the injured plaintiff) allegedly was injured when he was struck by a motor vehicle while he was engaged in road work replacing gas lines to residences. The road where the accident occurred was owned by the defendant Town of Clarkstown. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the Town. Thereafter, the Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, and the plaintiffs appeal.
While the plaintiffs alleged that the Town was liable pursuant to Labor Law § 241(6) predicated on a violation of 12 NYCRR § 23-1.29(a), the Town established, prima facie, that at the time of the accident, it had complied with the requirement of 12 NYCRR § 23-1.29(a) that traffic "shall be controlled by designated persons."
The Town also established its prima facie entitlement to summary judgment dismissing the cause of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The Town submitted evidence which demonstrated that it did not have the authority to supervise or control the work at issue (see Lombardi v Stout, 80 NY2d 290, 295; Medina v R.M. Resources, 107 AD3d 859; Delaney v City of New York, 78 AD3d 540). In any event, the Town established as a matter of law that the actions of driver of the vehicle which struck the injured plaintiff were a superseding cause of the occurrence (see Farrell v Lowy, 192 AD2d 691; Mannion v Lizza Indus., Inc., 127 AD2d 567, 568; see also Maksuta v Galiatsatos, 62 AD3d 841; Huber v Malone, 229 AD2d 469).
In opposition to the Town's prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination granting that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court