Per Curiam.

On this appeal we consider only the issue whether the dismissal of an appeal for want of prosecution in a civil action bars a subsequent appeal upon the identical issues in the same cause.
On June 17, 1964 while returning from a trip to Buffalo, New York, plaintiff was injured and defendant’s decedent was killed when the automobile the latter was operating collided with a utility pole. Both plaintiff and the deceased were citizens and residents of the Province of Ontario, Canada, and the vehicle in which they were traveling was registered and insured there.
In 1967, plaintiff commenced this action in the Supreme Court, Erie County, to recover for his personal injuries. Defendant pleaded the Ontario guest statute and Supreme Court, Erie County, holding that the law of Ontario was applicable, dismissed the complaint upon stipulated facts. The Appellate Division taking a contrary view of the choice-of-laws issue, reversed and reinstated the complaint. Thereafter, defendant moved for leave to appeal on a certified question and, on September 14, 1972, the Appellate Division granted the motion.
*353 More than one year later, and some time after plaintiff had served defendant with a demand that he file and serve his papers on appeal (see 22 NYCRR 500.6 [b]), the appeal was dismissed for failure to comply with the Rules of Practice of the Court of Appeals which provide that ”[a]n appeal must be argued or submitted within nine months after the appeal is taken. If it is not so argued or submitted a summary order of dismissal shall be entered” (22 NYCRR 500.6 [a]). A subsequent motion to vacate the dismissal and reinstate the appeal was denied (33 NY2d 789).
A trial of the action followed, the jury rendering a verdict in favor of plaintiff and judgment being entered thereon. Defendant now appeals directly to this court pursuant to CPLR 5601 (subd [d]) and, for a second time, seeks review of the same order of the Appellate Division and, of course, on concededly identical issues.
The appeal should be dismissed. We conclude that the rule to be followed is that a prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal. There is sound logic and reason for such a holding. Certain it is that a party should have his day in court, and that day should conclude the matter. Were the rule otherwise, the party who obtained judgment below could be deprived of the benefit of that judgment until a later time by the act of the losing party in appealing and disregarding the appeal (see, e.g., Anderson v Richards, 173 Ohio St 50); and conversely, the securing of leave to appeal might become a strategem for appellants, to be utilized for the purpose of delaying enforcement of judgments and the inevitable payment of just debts and obligations. Furthermore, since the dismissal of an appeal from a final judgment under 22 NYCRR 500.6 (a) is with prejudice such as occurred in Crane v State of New York (35 NY2d 945), it would be anomalous to vary the result simply because the order appealed from is nonfinal, particularly where the issues presented on both appeals were exactly the same. When leave to appeal was granted by the Appellate Division, appellant was then in the same stance as an appellant here as a matter of right, and he ought not in these circumstances have two opportunities to appeal to this court on identical issues.
The conclusion finds strong support in cases from other jurisdictions which posited their determinations, as we do here, on common-law principles and precedent. In Carlberg v *354 Fields (33 SD 410, 413) the court said that it was settled "that a second appeal will not be allowed from an order or judgment where the first appeal has been dismissed for want of prosecution”. It was likewise held in Schmeer v Schmeer (16 Ore 243) that "[w]hen a party perfects an appeal and then abandons it his right of appeal is exhausted”, and so it should be. Brill v Meeks (20 Mo 358, 359) reaches the same result and states that "[w]hen an appeal has once been granted, the power over the subject is functus offtcio and cannot be exercised a second time”. Similarly, after carefully and exhaustively analyzing the treatment of writs of error in the common-law courts of England, the New Jersey Supreme Court held in Welsh v Brown (42 NJL 323) that where a writ of error directed to a lower court was dismissed for want of prosecution, the plaintiff in error could not sue out such a writ. Anderson v Richards (173 Ohio St 50, supra) reaches precisely the same conclusion, also on the basis of common-law precepts (cf. United States v Fremont, 18 How [59 US] 30). In fact, the courts of at least two other States have apparently thought the conclusion we reach to be so clear and sound as to enact court-made rules of practice to govern such cases (Chamberlain v Reid, 16 Cal 208; Karth v Light, 15 Cal 324; Merrill v Hunt, 52 Miss 774).* Interestingly, none of these cases were decided on the basis of statutory authority enacted by the legislative branch of government.
Drummond v Husson (14 NY 60, 61), a predicate for the position of the dissent, is clearly distinguishable. Plaintiff Drummond obtained a money judgment against one Robert Anderson who appealed to this court and secured an undertaking from defendants Husson and another. The undertaking provided that " 'if the judgment appealed from or any part thereof be affirmed’ ”, the defendants would pay the judgment. The appeal taken by Anderson was subsequently dismissed for want of prosecution. Plaintiff then commenced an action against defendants on the appeal bond and this court held that, in the context of that case, the dismissal for want of prosecution was not an affirmance of the judgment. Nothing we decide today is to the contrary. We hold only that a dismissal for want of prosecution bars litigation of the issues which could have been raised on the prior appeal. Indeed, the *355 appellant in the case before us was not required to appeal the judgment after trial directly to this court, but, rather, could have obtained full review of that judgment in the Appellate Division and then in this court, save, of course, the issues which could have been presented on the prior dismissed appeal.
Similarly inapposite is Palmer v Foley (71 NY 106), the only other reported case cited in the dissent to reach this court. There, we held that a voluntary discontinuance by agreement of the parties was not equivalent to the affirmance of a judgment in the action. Palmer does not address itself to the problem posed in this case. Nowhere in the Palmer opinion is any view expressed as to the reviewability of issues which could have been raised in the discontinued action but were not. To the extent that several lower court decisions (Sperling v Boll, 26 App Div 64; French v Row, 77 Hun 380) purport to rely on Drummond (supra) and Palmer (supra), or upon no authority at all (Sacramona v Scalia, 36 AD2d 942; Whyman & Whyman v Philips, 36 AD2d 812) and would superficially appear contrary to our determination here, they should no longer be considered sound.
This court must have the wherewithal to control its calendar. The rules of this court have been widely publicized and reported, and the Bar has been adequately advised and forewarned that these rules will be enforced. Appeals are not hastily dismissed. Indeed, appellant has no cause to complain of the dismissal, for timely demand was made to have him serve and file his papers, which proved fruitless. In fact, had the rules not been enforced, the original appeal might still be on our docket. (See Crane v State of New York, 35 NY2d 945, supra, where an appeal was permitted to lie fallow for over six years before it was dismissed under the new practice.)
That subdivision "d” of CPLR 5601 permits an appeal as a matter of right is of no moment in the posture in which this appeal reaches this court for the issues now raised have been foreclosed by the dismissal of the prior appeal and are not reviewable.
Thus, we hold the dismissal of an appeal for want of prosecution to be on the merits of all claims which could have been litigated had the appeal been timely argued or submitted.
Accordingly, the appeal should be dismissed.

 (Contra Sanders v Moore, 52 Ark 376; Harris v Ferris, 18 Fla 81; Reed v Kimsey, 98 Ill App 364; Helm v Boone, 29 Ky 351; Marshall v Milwaukee & St. Paul R. R. Co, 20 Wis 644.)