■   In the Matter of the Arbitration between BILLY JACKSON, Respondent, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. RELIANCE INSURANCE COMPANY et al., Respondents-Respondents.—Appeal from order and judgment (one paper), Supreme Court, New York County, entered on June 30, 1975, unanimously dismissed, without costs and without disbursements; and judgment of said court, entered on March 26, 1976, unanimously affirmed, without costs and without disbursements. By separate notices of appeal, Liberty Mutual Insurance Company has appealed from (1) an order and judgment of the Supreme Court, New York County, entered June 30, 1975 which directed an arbitration and (2) from a judgment, entered March 26, 1976, confirming the arbitration award. In the notice of appeal from the March 26, 1976 judgment, the appellant seeks to bring up for review the "order" entered June 30, 1975. The direct appeal from the judgment and order of June 30, 1975 must be dismissed. By order of this court, dated April 26, 1976, the appeal from the June 30, 1975 judgment was unconditionally dismissed for lack of prosecution, and appellant may not now resurrect that appeal. Nevertheless, appellant urges that pursuant to CPLR 5501 (subd [a], par 1) this court may review the "order" of June 30, 1975 on the appeal from the final judgment. While there is much merit in respondent's contention that the June 30, 1975 "order" was a final order (see *Merrill Lynch,*

*Pierce, Fenner & Smith v Griesenbeck,* 21 NY2d 688) and therefore cannot be reviewed as an intermediate order, there can be no review of that order at this time since there was a dismissal of the direct appeal from that order for lack of prosecution. One of the conditions under CPLR 5501 (subd [a], par 1) permitting review of an intermediate disposition upon an appeal from a final judgment is that "such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken". In *Bray v Cox* (38 NY2d 350) it was held that a dismissal of an appeal for want of prosecution constituted a disposition "on the merits of all claims which could have been litigated had the appeal been timely argued or submitted" (p 355). Therefore, even if considered an intermediate order, the disposition in the June 30, 1975 "order" is now conclusive on appellant and cannot be reviewed on the appeal from the final judgment. Since the sole attack on the final judgment is the claimed invalidity of the June 30, 1975 "order", the judgment must be affirmed, without costs. Concur—Murphy, J. P., Lupiano, Silverman, Nunez and Lynch, JJ.