Memorandum. Plaintiff’s appeal from so much of the order at the Appellate Division as severed the actions against defendants Charlene B. Caserta, the driver of the automobile that struck plaintiff, and Elwood Union Free School District No. 1 and granted a new trial of plaintiff’s claims against them should be dismissed on the court’s own motion, without costs, on the ground that that portion of the order does not finally determine the action within the meaning of the Constitution (NY Const, art VI, § 3, subd [a]; CPLR 5601, subd [a], par [ii]).
To the extent that the order of the Appellate Division reversed the judgment in favor of plaintiff against Long Island Bus Co., Inc., it should be affirmed, with costs to the bus company against plaintiff. The only theory advanced for the claim of negligence on the part of the bus company is predicated on the provisions of subdivision 20 of section 375 of the *1061 Vehicle and Traffic Law which require school bus drivers to keep warning lights flashing when passengers are being received or discharged. Even if it were to be assumed that this subdivision were applicable to the school bus standing in the driveway in front of the school buildings (cf. Vehicle and Traffic Law, § 300), a violation if any of this statute could not have been a substantial factor in bringing about plaintiffs injuries. Manifestly the statutory purpose in requiring flashing lights was to alert operators of approaching motor vehicles to the fact that pupils were boarding or alighting from the bus. In the circumstances of this case that fact was independently evident and any motor vehicle operator would have been chargeable with notice thereof irrespective of the absence of flashing signal lights on the bus. Additionally in this instance the driver of the automobile conceded that she had actual knowledge that the buses were loading.
Finally we observe that we cannot hold it to have been error that the Appellate Division chose, after dismissing defendants’ first appeal on the issue of liability for failure to prosecute, to entertain consideration of the same issue on the second appeal. Every court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made. We cannot say that the Appellate Division’s exercise of its reserved power in this instance was error as a matter of law (cf. Bray v Cox, 38 NY2d 350).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
On plaintiffs appeal from so much of the order of the Appellate Division as severed the action against defendants Casería and school district and granted a new trial: Appeal dismissed, without costs.
On plaintiffs appeal from so much of the order of the Appellate Division as dismissed the complaint as against Long Island Bus Co., Inc.: Order affirmed, with costs to defendant Long Island Bus Co., Inc., against plaintiff.