■ AMADO SANCHEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [682 NYS2d 103] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Garson, J.), dated November 12, 1996, (2) an order of the same court, dated April 2, 1997, (3) an interlocutory judgment of the same court (Steinhardt, J.), dated May 28, 1997, which, upon a jury verdict finding the defendant 100% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability, and (4) an order of the same court (Steinhardt, J.), dated April 28, 1997, which (a) granted the plaintiff's motion to set aside certain portions of the jury verdict on the issue of damages and for a new trial on the issue of damages unless the defendant stipulated to increase certain damage awards, and (b) denied its cross motion pursuant to CPLR 4401 to set aside the jury verdict and for judgment in its favor dismissing the complaint.

Ordered that the appeal from the order dated November 12,

1996, which was taken by notice of appeal dated May 28, 1997, is dismissed, without costs or disbursements, as an appeal from that order taken by notice of appeal dated November 25, 1996 (Appellate Division Docket No. 96-10567) was dismissed as abandoned by decision and order of this Court dated October 7, 1997, and entitled "In the Matter of Dismissal of Causes for Failure to Timely Perfect—September 1997 Calendar" (see, Bray v Cox, 38 NY2d 350); and it is further,

Ordered that the appeal from the order dated April 2, 1997, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 28, 1997, is modified, on the facts and as an exercise of discretion, by deleting the provision thereof granting the plaintiff's motion to set aside certain portions of the jury verdict on the issue of damages and for a new trial on the issue of damages unless the defendant stipulated to increase those portions of the verdict and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In order to grant a posttrial motion for judgment as a matter of law, a court must conclude "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499). We find, as did the Supreme Court, that the evidence in this case was legally sufficient to support a verdict in favor of the plaintiff. The plaintiff presented adequate factual support for his claim that his assailants were intruders who gained entry to the building where he was assaulted due to a damaged front door lock. There was proof that the front door lock was regularly broken and had not been repaired for some time prior to the incident, that numerous crimes had previously been committed in the housing project, that the plaintiff and an eyewitness actually saw the assailants enter the building through the front door, and that the eyewitness, who had regularly visited a tenant in the building for about five years and was also a volunteer for the building's tenant patrol, had never seen the assailants before. Additionally, the plaintiff's expert testified that based on the fact that the assailants were not wearing masks in order to shield their identities, the assailants were most likely strangers. This evidence was sufficient to support the jury's conclusion that the defendant was negligent in failing to repair the

lock, and that its negligence was a proximate cause of the plaintiff's injuries (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544; *Miller v State of New York,* 62 NY2d 506). Further, the verdict on the issue of liability was not against the weight of the evidence, as it is supported by a fair basis in the record (*see, Padilla v 960 Mgt.,* 195 AD2d 333).

We find that those portions of the jury verdict on the issue of damages which were challenged by the plaintiff do not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.