■ WELLS FARGO BANK MINNESOTA, N.A., Formerly Known as NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, Re-

spondent, v Luis DeSuze, Also Known as Louis DeSuze, Appellant, et al., Defendants. [747 NYS2d 794]

As a general rule, this Court will not consider an issue raised on a subsequent appeal which was raised, or could have been raised, in a prior appeal that was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350). The appellant's prior appeal from the order dated June 23, 2000, was dismissed on May 30, 2001, for lack of prosecution (*see* 22 NYCRR 670.8 [h]). The dismissal for lack of prosecution bars the appellant from obtaining appellate review of those issues on the present appeal from the order granting reargument and adhering to the order dated June 23, 2000 (*see Rubeo v National Grange Mut. Ins. Co., supra; Bray v Cox, supra*). Accordingly, the appeal from the order dated January 22, 2001, must be dismissed. The appeal would otherwise be dismissed because the order is subsumed in the judgment, and the appeal from the order does not survive entry of the judgment (*see Matter of Aho,* 39 NY2d 241, 248).

Furthermore, on the appeal from the judgment, we conclude that the Referee's refusal, under the circumstances, to adjourn the hearing on the issue of damages constituted a provident exercise of discretion (*see Herbert v Edwards Super Food Stores—Finast Supermarkets,* 253 AD2d 789).

The appellant's remaining contention is without merit. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.