■ TRI-STATE SOL-AIRE CORPORATION, Appellant, v MARTIN ASSOCIATES, INC., Respondent. [776 NYS2d 99]—

In an action to recover for work, labor, and services performed and materials supplied, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 14, 2003, as upon renewal and

reargument, adhered to a prior determination of the same court dated May 7, 2002, granting that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the appeal from so much of the order as, upon reargument, adhered to the prior determination is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from so much of the order as, upon reargument, adhered to the prior determination must be dismissed. As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Here, the plaintiff appealed from a prior order of the Supreme Court dated May 7, 2002. That appeal (App Div Docket No. 2002-05542) was dismissed by this Court on April 3, 2003, for failure to perfect in accordance with the rules of this Court. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been reviewed therein, and we find no basis to review the same issues on this appeal (*see Rubeo v National Grange Mut. Ins. Co., supra; Bray v Cox, supra*).

Furthermore, the Supreme Court, upon renewal, properly adhered to its original determination granting that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) based on the lack of capacity to sue. The plaintiff's proof was insufficient to establish that it did not have a legal or equitable interest in this cause of action at the time of the commencement of the bankruptcy proceeding (*see* 11 USC § 541 [a] [1]; *Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d 191, 196-197 [1987]; *Martinez v Desai,* 273 AD2d 447 [2000]; *Weitz v Lewin,* 251 AD2d 402 [1998]). Accordingly, its failure to list this cause of action as an asset in its bankruptcy petition precluded it from pursuing this cause of action on its own behalf (*see 123 Cutting Co. v Topcove Assoc.,* 2 AD3d 606 [2003]; *Matter of First Montauk Sec. Corp. v Chiulli,* 245 AD2d 507 [1997]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.