■ S.K. MORTGAGE HOLDINGS LIMITED PARTNERSHIP, Respondent, v VINCENT SUBIRATS et al., Appellants. [811 NYS2d 593]—In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 7, 2004, which granted the plaintiff's motion pursuant to CPLR 6513 to extend the duration of the notice of pendency, and (2) a judgment of foreclosure and sale of the same court entered December 28, 2004, which, inter alia, upon confirming the report of a referee in all respects directing that the subject property be sold at public auction, is in favor of the plaintiff and against them.

Ordered that the appeals are dismissed, without costs or disbursements.

Subsequent to the order dated July 7, 2004, a final judgment of foreclosure and sale was entered on December 28, 2004, against the defendants, and an amended final judgment of foreclosure and sale was entered on May 10, 2005. Accordingly, the appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment and the amended judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]).

Moreover, as a general rule, we do not consider an issue on a subsequent appeal that was raised, or could have been raised, on an earlier appeal which was dismissed for lack of prosecution, although this Court has inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]; *Paniccia v Long Is. R.R. Co.*, 297 AD2d 366 [2002]).

The defendants appealed from an order dated May 1, 2003, granting the plaintiff's motion to strike the defendants' answer based on the defendants' willful and contumacious noncompliance with the plaintiff's discovery demands and the Supreme Court's discovery orders. By decision and order on motion dated July 21, 2004, that appeal was dismissed by this Court for failure to prosecute. We decline to exercise our discretion to address the defendants' argument as to the providence of the Supreme Court's prior determination to strike the answer, an issue no different from the issue which could have been raised on the prior appeal. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.