■ Malcom C. Sargent, Respondent, v Klein & Eversoll, Inc., Appellant, and Pinewood Estates Partners, LLC, et al., Respondents. [819 NYS2d 546]—In an action to recover damages for personal injuries, the defendant Klein & Eversoll, Inc., ap-

peals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated April 4, 2005, as, upon reargument, adhered to a prior determination in an order dated January 28, 2005, denying its motion to vacate an order of the same court dated October 15, 2004, granting the motions of the plaintiff and the defendants Pinewood Estates Partners, LLC, and Pinewood Estates Management, LLC, for leave to enter judgment against it upon its default in answering.

Ordered that appeal is dismissed, with costs to the plaintiff-respondent.

The appeal from so much of the order dated April 4, 2005, as, upon reargument, adhered to a prior determination in an order dated January 28, 2005, must be dismissed. As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). Klein & Eversoll appealed from the order dated January 28, 2005, and that appeal (Appellate Division Docket No. 2005-02260) was dismissed by decision and order on motion of this Court dated November 10, 2005, for failure to perfect in accordance with the rules of this Court. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been reviewed therein, and we find no basis to review the same issues on this appeal (*see Almonte v Western Beef, Inc.*, 21 AD3d 514, 517 [2005]; *Tri-State Sol-Aire Corp. v Martin Assoc.*, 7 AD3d 514, 515 [2004]; *Azor v Delva*, 306 AD2d 234, 235 [2003]). Florio, J.P., Adams, Goldstein and Fisher, JJ., concur.