■ In the Matter of LAWRENCE TALT et al., Appellants, v JAMES T. MURPHY et al., Respondents. [824 NYS2d 723]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Floral Park dated May 27, 2004, which denied the petitioners' application for a special exception permit, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated April 25, 2005, as, upon reargument, adhered to a prior determination in a judgment dated January 5, 2005, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed, with costs to the respondents.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). The petitioners appealed from the judgment dated January 5, 2005, which denied the petition and dismissed the proceeding. That appeal (Appellate Division Docket No. 2005-01205) was dismissed by decision and order on motion of this Court dated November 10, 2005, for failure to perfect in accordance with the rules of this Court. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been reviewed therein, and we find no basis to review the same issues on this appeal (*see Sargent v Klein & Eversoll, Inc.,* 31 AD3d 736 [2006]; *Almonte v Western Beef, Inc.,* 21 AD3d 514 [2005]; *Tri-State Sol-Aire Corp. v Martin Assoc.,* 7 AD3d 514 [2004]). Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.