■ BLUE CHIP MORTGAGE CORP., Appellant, v LINDA STRUMPF, Respondent. (Appeal Nos. 1 and 3.) BLUE CHIP MORTGAGE CORP. Appellant-Respondent, v LINDA STRUMPF, Respondent-Appellant. (Appeal No. 2.) [857 NYS2d 607]—

In an action to recover damages for legal malpractice, the plaintiff appeals (1) from an amended order of the Supreme Court, Nassau County (Davis, J.), dated July 27, 2005, which granted the defendant's motion for leave to renew her prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and, upon renewal, awarded the defendant summary judgment dismissing the complaint (2), as limited by its brief, from so much of an order of the same court dated June 19, 2007, as denied that branch of its motion which was, in effect, to resettle the decretal provisions of the amended order dated July 27, 2005, and (3) from a judgment of the same court entered July 9, 2007, which, upon the amended order dated July 27, 2005, dismissed the complaint, and the defendant cross-appeals, as limited by her brief, from so much of the order dated June 19, 2007, as granted that branch of the plaintiff's motion which was for leave to submit a judgment to be entered in this matter.

Motion by the respondent, in effect, to dismiss the appeal from the judgment entered July 9, 2007 on the ground that the issues raised on that appeal are barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated March 19, 2008 [2008 NY Slip Op 66851(U)], the motion to dismiss the appeal was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is,

Ordered that the motion is granted; and it is further,

Ordered that the appeal from the judgment is dismissed; and it is further,

Ordered that the appeals from the amended order dated July 27, 2005 and the order dated June 19, 2007 are dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the amended order dated July 27, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the order dated June 19, 2007 must be dismissed, as no appeal lies from an order denying resettlement of the substantive or decretal provisions of a prior order (*see Schill v Schill*, 42 AD3d 443 [2007]; *Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303 AD2d 532, 536 [2003]; *Scopelliti v Scopelliti*, 250 AD2d 752 [1998]).

As a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiff appealed from an order dated July 19, 2005, which granted the defendant's motion for leave to renew her prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and, upon renewal, awarded the defendant summary judgment dismissing the complaint. That appeal was dismissed by decision and order on motion of this Court dated April 4, 2006 for failure to perfect in accordance with the rules of this Court, and that dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal. We decline to exercise our discretion to determine the merits of the instant appeal from the judgment, which raises the same issues as could have been raised on the prior appeal (*see Bray v Cox*, 38 NY2d 350 [1976]; *Matter of Talt v Murphy*, 35 AD3d 486 [2006]; *Hepner v New York City Tr. Auth.*, 27 AD3d 418 [2006]).

The defendant's cross appeal has been rendered academic in light of our determination of the appeals herein. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.