■ S.M.F. et al., Respondents, v SLS RESIDENTIAL, INC., et al., Appellants. [900 NYS2d 331]—

In an action, inter alia, to permanently enjoin the defendants from disclosing confidential mental health information, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 27, 2009, which sealed the papers submitted in connection with that branch of the motion of the plaintiff G.S.F. which was to dismiss the counterclaim asserted against him and those branches of the plaintiffs' motion which were for summary judgment on the first cause of action alleging a violation of Mental Hygiene Law § 33.13 and the second cause of action alleging breach of fiduciary duty, (2), as limited by their brief, from so much of an order of the same court dated February 18, 2009, as, upon a decision dated January 27, 2009, granted those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action, and denied the defendants' cross motion for summary judgment dismissing the first cause of action insofar as asserted against the defendants Joseph Santoro and Alfred Bergman, and dismissing the second and third causes of action asserted against all of them, (3) from a judgment of the same court dated March 27, 2009, which, upon the decision and the order dated February 18, 2009, is in favor of the plaintiffs and against them on the first and second causes of action, (4) from an order of the same court dated March 9, 2009, which granted the plaintiffs' motion to permanently enjoin them from disclosing confidential mental health information and denied their cross motion to impose sanctions, (5) from an order of the same court also dated March 9, 2009, which sealed the papers submitted in connection with that motion and cross motion, (6) from a judgment of the same court, also dated March 27, 2009, which, upon the first order dated March 9, 2009, permanently enjoined the defendants from disclosing confidential mental health information, (7) from an order of the same court dated May 5, 2009, inter alia, limiting access to the case file in this action to certain persons, (8), as limited by their brief, from so much of an order of the same court dated June 10, 2009, as denied their second cross motion to impose sanctions, and (9) from an order of the same court also dated June 10, 2009, which sealed the papers submitted in connection with the plaintiffs' motion for leave to discontinue the third cause of action and their second cross motion to impose sanctions.

Motion by the respondents on appeals from seven orders of the Supreme Court, Westchester County, dated January 27, 2009, February 18, 2009, March 9, 2009 (two orders), May 5, 2009, and June 10, 2009 (two orders), respectively, and two

judgments of the same court, both dated March 27, 2009, to dismiss certain appeals on the ground that review of the issues raised on those appeals is barred by the dismissal of prior appeals for failure to timely perfect (*see Bray v Cox*, 38 NY2d 350 [1976]), and to strike stated portions of the record on appeal and the appellants' brief. By decision and order on motion of this Court dated September 25, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that those branches of the motion which were to dismiss the appeals from the order dated January 27, 2009, the second order dated March 9, 2009, the order dated May 5, 2009, and the second order dated June 10, 2009, are granted, and those appeals are dismissed; and it is further,

Ordered that the branch of the motion which was to strike stated portions of the record on appeal and the appellants' brief is granted to the extent that page xii, question four; the first full paragraph of page three; the words "without engaging in the analysis required by 22 NYCRR § 216.1" in the first paragraph of page six, point V; the last sentence of point V.F. of the statement of facts; the last sentence of footnote 25 on page 84; and paragraphs 5 and 7 (a) through (c) on pages 100-101 of the appellants' brief; and pages 3-4, 19-20, 34-35, and 38-39 of the record on appeal are stricken and have not been considered in the determination of the appeals; and it is further,

Ordered that the appeals from the order dated February 18, 2009, and the first order dated March 9, 2009, are dismissed; and it is further,

Ordered that the first order dated June 10, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Faricelli v TSS Seedman's*, 94 NY2d 772 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The defendants appealed from orders dated January 15, 2008, and February 13, 2008, which, respectively, granted the plaintiffs' motion for a protective order and directed that all

documents which referenced or contained confidential information be filed under seal. Those appeals were dismissed for failure to timely perfect. The dismissals constituted an adjudication on the merits with respect to all issues which could have been reviewed on those appeals. We decline to exercise our discretion to determine the merits of the present appeals from the order dated January 27, 2009, the second order dated March 9, 2009, the order dated May 5, 2009, and the second order dated June 10, 2009, to the extent that they raise issues that could have been raised on the appeals from the prior orders that were dismissed for failure to perfect (see Bray v Cox, 38 NY2d 350 [1976]; Spiritis v Village of Hempstead Community Dev. Agency, 63 AD3d 907 [2009]).

We also grant that branch of the plaintiffs' motion which was to strike those portions of the record on appeal and the appellants' brief which concern the appeals that we are dismissing under the authority of Bray v Cox (38 NY2d 350 [1976]).

The appeals from the intermediate order dated February 18, 2009, and the first intermediate order dated March 9, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501 [a] [1]).

The defendants Joseph Santoro and Alfred Bergman operated two community residences and one outpatient clinic, all licensed by the New York State Office of Mental Health. The plaintiff S.M.F. (hereinafter the patient) was a patient at the defendant SLS Residential, Inc. (hereinafter SLS), a mental health community residence operated by Santoro and Bergman, and was also a patient of their outpatient clinic. After the patient was released from SLS to the outpatient clinic, his father, the plaintiff G.S.F. (hereinafter the father), wrote a letter to Santoro, praising Santoro for the treatment the patient received at SLS. The letter detailed the patient's neurological problems and emotional issues. Subsequent to writing the letter, the father learned that SLS employed practices which he believed to be abusive. As a result, the father initiated a picketing campaign outside of SLS's facilities to inform the public about SLS's practices. In response to the father's picketing, an SLS employee, authorized by Bergman, disseminated copies of the father's letter to individuals on the street in front of SLS's facilities. In addition, the father's letter was posted on SLS's Web site.

The father's letter was written and received during the course

of the patient's treatment, and contained confidential mental health information (see Mental Hygiene Law § 33.13 [a]). The defendants, therefore, had a duty to keep the letter confidential, and breached that duty by distributing it to individuals on the street and posting it on the internet (see Mental Hygiene Law § 33.13 [a], [e]). The plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the causes of action alleging a violation of Mental Hygiene Law § 33.13 and breach of fiduciary duty since the dissemination of the letter by the defendants constituted a violation of Mental Hygiene Law § 33.13 and also a breach of fiduciary duty (see Mental Hygiene Law § 33.13 [a], [e]; *Doe v Community Health Plan—Kaiser Corp.*, 268 AD2d 183, 186 [2000]; *MacDonald v Clinger*, 84 AD2d 482 [1982]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiffs waived confidentiality of the letter, or whether they should be barred from receiving equitable relief based on the doctrine of unclean hands. Accordingly, the plaintiffs were properly awarded summary judgment on their causes of action alleging a violation of Mental Hygiene Law § 33.13 and breach of fiduciary duty, and the Supreme Court properly issued a permanent injunction prohibiting the defendants from disclosing the patient's confidential mental health information.

The defendants' remaining contentions are without merit. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.