■ James L. Kapsis, Appellant, v Michael S. Peragine et al., Respondents. [946 NYS2d 234]—In an action to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered December 16, 2009, which, upon an order of the same court entered July 13, 2009, inter alia, denying the plaintiff's motion, among other things, to vacate two prior defaults and for recusal, is in favor of the defendants and against him.

Motion by the respondents, inter alia, to dismiss the appeal from the judgment on the ground that certain issues raised on the appeal are barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated August 17, 2011, inter alia, that branch of the motion which is to dismiss the appeal on the ground that certain issues raised on the appeal are barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]) was held in abeyance and referred to the panel of

Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal from the judgment on the ground that certain issues raised on the appeal are barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]) is granted; and it is further,

Ordered that the appeal from the judgment entered December 16, 2009, is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

As a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]; *Blue Chip Mtge. Corp. v Strumpf*, 50 AD3d 936, 937 [2008]; *S.K. Mtge. Holdings Ltd. Partnership v Subirats*, 28 AD3d 460, 461 [2006]). The plaintiff previously appealed from an order entered July 13, 2009, which denied his motion, inter alia, to vacate two prior defaults and for recusal, but that appeal was dismissed by decision and order on motion of this Court dated August 4, 2010, for failure to prosecute (*see* 22 NYCRR 670.8 [e]). Under the circumstances of this case, we decline to exercise our discretion to determine the merits of the instant appeal from the judgment entered December 16, 2009, as the issues raised by the plaintiff could have been raised on the prior appeal from the order entered July 13, 2009 (*see Deller v Mercy Med. Ctr.*, 87 AD3d 712, 713 [2011]; *Gurman v Fotiades*, 73 AD3d 1126, 1127 [2010]).

We decline the defendants' request for the imposition of sanctions against the plaintiff based upon allegedly frivolous conduct on this appeal (*see* 22 NYCRR 130-1.1 [a], [c]; *see also Grossman v New York Life Ins. Co.*, 90 AD3d 990, 992 [2011]; *Barns & Farms Realty, LLC v Novelli*, 82 AD3d 689, 691 [2011]). Florio, J.P., Eng, Lott and Miller, JJ., concur.