■ TARYN SKOKAN, Respondent, v MARINA PEREDO, M.D., Appellant, et al., Defendants. [58 NYS3d 110]—

In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the defendant Marina Peredo appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated July 23, 2015, as denied those branches of her motion which were for summary judgment dismissing the third cause of action, the fourth cause of action insofar as asserted against her, and the claim for punitive damages insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting

the provision thereof denying that branch of the motion of the defendant Marina Peredo which was for summary judgment dismissing the claim for punitive damages insofar as asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Marina Peredo (hereinafter the defendant), a dermatologist, treated the plaintiff for acne. During the course of that treatment, the plaintiff signed consent forms in which she gave "permission for photographs of all treated sites to be used for lectures, teaching purposes and for display in the office photo album." In 2009, the defendant was interviewed for an article about acne to be published in Long Island Image magazine (hereinafter the magazine). The defendant was asked to provide before and after pictures showing successful acne treatment, and the defendant provided the plaintiff's before and after photographs for the article. The article and photographs were published in the magazine's Spring 2009 issue.

The plaintiff subsequently commenced this action to recover damages for the unauthorized disclosure of her photographs. The plaintiff asserted causes of action alleging: (1) a violation of Civil Rights Law § 51, (2) a violation of CPLR 4504, (3) breach of fiduciary duty, and (4) unjust enrichment. She also sought punitive damages. The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the first cause of action insofar as asserted against the defendant and the second cause of action, and otherwise denied the motion. The defendant appeals.

The defendant failed to demonstrate, prima facie, that the disclosure of the plaintiff's photographs did not constitute a breach of fiduciary duty, as her submissions failed to eliminate triable issues of fact as to whether the plaintiff consented to that disclosure (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 53-54 [2016]; S.M.F. v SLS Residential, Inc., 72 AD3d 1014, 1017-1018 [2010]). The defendant failed to establish, prima facie, that the disclosure was permitted under the consent forms signed by the plaintiff, and in particular, that the photographs were limited to the plaintiff's "treated sites" or that the photographs were disclosed for "teaching purposes." Nor did the defendant establish, prima facie, that a verbal consent to the disclosure would have been valid under the circumstances of this case, or, if a verbal consent would have been valid, whether the plaintiff provided such verbal consent. Since

the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the third cause of action, alleging breach of fiduciary duty, the Supreme Court correctly denied that branch of the motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the claim for punitive damages insofar as asserted against her, as her submissions showed that her actions did not constitute "willful or wanton negligence or recklessness" (*Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 81 [2007] [internal quotation marks omitted]; *see 99 Cents Concepts, Inc. v Queens Broadway, LLC*, 70 AD3d 656, 659 [2010]; *Aronis v TLC Vision Ctrs., Inc.*, 49 AD3d 576, 577-578 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the claim for punitive damages insofar as asserted against her.

The defendant's remaining contention is without merit. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur. ■