Parente v Zevelez (2019 NY Slip Op 01424)





Parente v Zevelez


2019 NY Slip Op 01424


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-04485
 (Index No. 23637/12)

[*1]Jacqueline Parente, appellant,
v
Yuriy Zevelez, et al., respondents.


Krentsel & Guzman, LLP (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.
Richard T. Lau (Rivkin Radler, LLP, Uniondale, NY [Cheryl F. Korman and Henry Mascia], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Kathy King, J.), entered April 6, 2017. The judgment, upon a jury verdict, and upon an order dated September 15, 2015, denying the plaintiff's motion pursuant to CPLR 4404(a) for an additur to the award of damages or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or inadequate and for a new trial on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of only $25,000.
ORDERED that the appeal is dismissed, without costs or disbursements.
As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co. , 93 NY2d 750; Bray v Cox , 38 NY2d 350). Here, the plaintiff appealed from an order dated September 15, 2015, which denied her motion pursuant to CPLR 4404(a) for an additur to the award of damages or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or inadequate and for a new trial on the issue of damages. By decision and order on motion of this Court dated September 19, 2016, that appeal was dismissed for failure to prosecute. Under the circumstances of this case, the dismissal for lack of prosecution bars the instant appeal, which raises issues which could have been raised on the prior appeal (see Bray v Cox , 38 NY2d 350).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court