Amaral v Smithtown News, Inc. (2019 NY Slip Op 04122)





Amaral v Smithtown News, Inc.


2019 NY Slip Op 04122


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-04063
 (Index No. 14974/14)

[*1]Emmanuel Amaral, et al., respondents, The 
v
Smithtown News, Inc., et al., appellants.


Ahern & Ahern, Kings Park, NY (Dennis P. Ahern of counsel), for appellants.
Frank S. Scagluso, Smithown, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated March 2, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4), and that branch of the defendants' separate motion which was pursuant to CPLR 5015(a)(1), to vacate an order of the same court dated November 24, 2015, granting that branch of the plaintiffs' cross motion which was for leave to enter a default judgment against them upon their failure to timely answer or appear in the action.
ORDERED that the order dated March 2, 2017, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated November 24, 2015, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order dated March 2, 2017, is affirmed insofar as appealed from, with costs to the defendants.
On July 30, 2014, the plaintiffs, Emmanuel Amaral and Stephanie Amaral, who are married to each other, commenced this action against the defendants to recover damages for defamation. The plaintiffs alleged, among other things, that the defendants published a false and defamatory article in their newspaper regarding criminal charges and arrests of the plaintiff Emmanuel Amaral (hereinafter Amaral) and posted a sign at the front of the defendants' business offices allegedly defaming Amaral. On October 14, 2014, counsel for the plaintiffs and the defendants' then attorney, Edward J. Yule, executed a stipulation extending the defendants' time to answer or move with respect to the complaint to November 14, 2014. While no written stipulation further extending the time for the defendants to answer or move was entered into by counsel, Yule alleged that "on or about November 13, 2014, the plaintiffs' counsel's office gave its oral consent to extend the defendants' time to Answer or Move to December 16, 2014," and that a stipulation confirming that extension was faxed to the plaintiffs' counsel, but never received back. Counsel for the plaintiffs maintained that he had only agreed to extend the defendants' time to answer until November 28, 2014, based on certain conditions, which were not complied with by Yule.
Thereafter, in December 2014, the plaintiffs filed an ex parte application for a default judgment. On December 16, 2014, the defendants moved, inter alia, pursuant to CPLR 3211(a)(7) [*2]to dismiss the complaint. In February 2015, the plaintiffs cross-moved, inter alia, for leave to enter a default judgment against the defendants based on their failure to timely answer or appear in the action. By order dated November 24, 2015, the Supreme Court found, inter alia, that upon the expiration of the agreed upon extension of time on November 14, 2014, no further extension was granted, as there was no subsequent agreement in writing in compliance with CPLR 2104 extending the time for the defendants to serve an answer or pre-answer motion. The court deemed the defendants' motion to dismiss the complaint untimely and granted that branch of the plaintiffs' cross motion which was for leave to enter a default judgment against the defendants.
In January 2016, the defendants moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order dated November 24, 2015, on the ground that the Supreme Court lacked jurisdiction. On February 28, 2016, Yule passed away, and in September 2016, the defendants moved, through new counsel, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated November 24, 2015. In the order appealed from, the court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4), and that branch of the defendants' separate motion which was pursuant to CPLR 5015 (a)(1), to vacate the order dated November 24, 2015.
The defendants previously appealed from the order dated November 24, 2015. That appeal was dismissed by decision and order on motion of this Court dated July 5, 2017, for failure to prosecute in accordance with the rules of this Court (see 22 NYCRR 670.8[e]). As a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350; Blue Chip Mtge. Corp. v Strumpf, 50 AD3d 936, 937; S.K. Mtge. Holdings Ltd. Partnership v Subirats, 28 AD3d 460, 461), and this Court possesses the discretion to permit review in the interest of justice (see Faricelli v TSS Seedman's, 94 NY2d 772, 773; Vecchio v Colangelo, 274 AD2d 469). Under the circumstances of this case, we exercise that discretion.
We agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the order dated November 24, 2015, based on lack of jurisdiction. Pursuant to CPLR 3215(g)(1), "a defendant who appears in an action, even if he or she subsequently defaults, is entitled to at least five days' notice of the time and place of a motion
for leave to enter a default judgment" (Deutsche Bank Natl. Trust Co. v Gavrielova, 130 AD3d 674, 675 [internal quotation marks omitted]; see CPLR 3215[g][1]). "The failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215(g)(1), like the failure to provide proper notice of other kinds of motions, is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). Here, contrary to the defendants' contention, the court had jurisdiction to entertain the plaintiffs' cross motion for leave to enter a default judgment, as the plaintiffs had provided the defendants with at least five days' notice of the return date of their cross motion (cf. id. at 126).
However, the Supreme Court should have granted that branch of the defendants' separate motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated November 24, 2015. In moving pursuant to CPLR 5015(a)(1) to vacate a default, a defendant is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 857). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in the exercise of that discretion, the court may accept law office failure as an excuse" (Government Empl. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859; see Chelli v Kelly Group, P.C., 63 AD3d 632, 633). Here, subsequent to having obtained a written extension of time to answer or move with respect to the complaint until November 14, 2014, the defendants' prior counsel, Yule, asserted that he believed that the plaintiffs orally consented to a second extension of the time to answer or move until December 16, 2014, at which time the defendants moved to dismiss the complaint. In addition, the written stipulation extending the time to answer or move had expired a little over one month prior to the defendants' December 16, 2014, motion to dismiss the complaint. Moreover, the defendants [*3]moved to vacate the order dated November 24, 2015, within two months of its issuance. Under the circumstances of this case, including the minimal delays, the defendants demonstrated a reasonable excuse for their default based upon law office failure arising from Yule's failure to obtain an extension of time in writing.
Furthermore, the defendants demonstrated that they had a potentially meritorious defense to the action, inter alia, by submitting the affidavit of the defendant David Ambro, the editor of the The Smithtown News, Inc. Ambro asserted that he received the information for the newspaper's police blotter entry regarding the arrest and charges against Amaral from a Suffolk County Police Department press release and from the New York State Unified Court System/webcrims website, and that he did not intentionally publish anything other than what was a matter of public record. Moreover, Ambro asserted that he never placed the alleged defamatory sign complained of by the plaintiffs in front of the defendants' office building.
In light of the defendants' showing, and the strong public policy favoring adjudication of cases on the merits, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated November 24, 2015.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.

2017-04063 DECISION & ORDER ON MOTION
Emmanuel Amaral, et al., respondents,
v The Smithtown News, Inc., et al., appellants.
(Index No. 14974/14)

Motion by the respondents, inter alia, to dismiss an appeal from an order of the Supreme Court, Suffolk County, dated March 2, 2017, on the ground that dismissal of a prior appeal for failure to perfect precludes consideration of the issues raised on this appeal pursuant to Bray v Cox (38 NY2d 350). By decision and order on motion of this Court dated November 14, 2017, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court