PennyMac Corp. v Nicolosi (2020 NY Slip Op 03796)





PennyMac Corp. v Nicolosi


2020 NY Slip Op 03796


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-10344
 (Index No. 130842/13)

[*1]PennyMac Corp., respondent, 
v
Salvatore Nicolosi, appellant, et al., defendants.


Stephen David Fink, Forest Hills, NY, for appellant, and appellant pro se.
Blank Rome LLP, New York, NY (Jacquelyn A. DiCicco and Diana M. Eng of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Salvatore Nicolosi appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 10, 2018. The order granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and denied the cross motion of the defendant Salvatore Nicolosi for a hearing to determine the validity of service of process upon him.
ORDERED that the appeal is dismissed, with costs.
In August 2013, the plaintiff's predecessor in interest commenced this mortgage foreclosure action against, among others, the defendant Salvatore Nicolosi (hereinafter the defendant). The defendant failed to timely answer the complaint. Starting in October 2013, he informally appeared by his attorney and participated in numerous CPLR 3408 settlement conferences, with his counsel representing him, until July 2014, when the matter was released from the mandatory settlement conference part. By notice of motion dated October 14, 2014, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, for a hearing to determine the validity of service of process upon him. It is undisputed that on April 28, 2016, the defendant's motion was denied based upon his default in appearing at the calendar call.
By notice of motion dated May 19, 2016, the defendant moved, in effect, to vacate his default in appearing at the calendar call, to restore his prior motion to dismiss or for a hearing to the motion calendar, and thereupon to either direct dismissal of the complaint insofar as asserted against him or direct a hearing. By notice of cross motion dated December 8, 2016, the plaintiff's predecessor in interest cross-moved for an order of reference. In an order dated June 16, 2017, the Supreme Court denied the defendant's motion, and granted the cross motion of the plaintiff's predecessor in interest.
The defendant filed a notice of appeal from the June 16, 2017, order, but he did not perfect the appeal. The plaintiff then moved, inter alia, for a judgment of foreclosure and sale, and the defendant cross-moved for a hearing to determine the validity of service of process upon him. The plaintiff also moved in this Court to dismiss the defendant's appeal from the June 16, 2017, order. In a decision and order on motion dated April 16, 2018, this Court granted the plaintiff's [*2]motion and dismissed the appeal for failure to timely perfect. In an order dated May 10, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and denied the defendant's cross motion for a hearing to determine the validity of service of process upon him. The defendant appeals.
As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Faricelli v TSS Seedman's, 94 NY2d 772, 774; Bray v Cox, 38 NY2d 350, 353). The defendant appealed from the order dated June 16, 2017, which denied his motion, in effect, to vacate his default in appearing at the calendar call, to restore his prior motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, for a hearing to determine the validity of service of process upon him to the motion calendar, and thereupon to either direct dismissal of the complaint insofar as asserted against him or direct a hearing. That appeal was dismissed for failure to timely perfect. The dismissal constituted an adjudication on the merits with respect to all issues that could have been reviewed on that appeal. We decline to exercise our discretion to determine the issues raised in the present appeal, which could have been raised on the prior appeal from the order dated June 16, 2017 (see S.M.F. v SLS Residential, Inc., 72 AD3d 1014, 1017; Associates Home Equity Servs., Inc. v Gambella, 40 AD3d 896; Gihon, LLC v 501 Second St., LLC, 29 AD3d 630).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court