Bull v New York City Hous. Auth. (2025 NY Slip Op 04456)

Bull v New York City Hous. Auth.

2025 NY Slip Op 04456

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-04328
 (Index No. 525550/20)

[*1]Mary Bull, appellant, 
v
New York City Housing Authority, respondent.

Frekhtman & Associates (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP (Wilson Elser Moskowitz Edelman & Dicker LLP [Patrick J. Lawless], of counsel), for respondent.
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 26, 2022. The order, insofar as appealed from, (1) in effect, upon reargument, adhered to a prior determination in an order of the same court (Lara J. Genovesi, J.) dated April 21, 2021, denying the plaintiff's motion for leave to serve an amended notice of claim, and (2) granted the defendant's cross-motion to dismiss the complaint.

DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that the dismissal of a prior appeal for failure to timely perfect precludes consideration of the issues to be raised on the appeal from the order dated April 26, 2022, pursuant to Bray v Cox (38 NY2d 350), and on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated June 7, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so much of the order dated April 26, 2022, as, in effect, upon reargument, adhered to the prior determination in the order dated April 21, 2021, is granted, and the motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order dated April 26, 2022, as, in effect, upon reargument, adhered to the prior determination in the order dated April 21, 2021, is dismissed; and it is further,
ORDERED that the order dated April 26, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
As a general rule, we do not consider an issue raised on a subsequent appeal that was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 752; Osby v Spring Creek Rehabilitation & Nursing Care Ctr., 230 AD3d 805, 806). The plaintiff previously appealed from an order dated April 21, 2021, which denied the plaintiff's motion for leave to serve an amended notice of claim, but that appeal was deemed dismissed without further action for failure to perfect. The issues raised by the plaintiff relating to the plaintiff's motion for leave to serve an amended notice of claim could have been raised on the prior appeal, and we decline to exercise our discretion to determine the merits of so much of the instant appeal from the April 26, 2022 order as, in effect, upon reargument, adhered to the prior determination in the order dated April 21, 2021 (see Bray v Cox, 38 NY2d 350, 353; Osby v Spring Creek Rehabilitation & Nursing Care Ctr., 230 AD3d at 806). Accordingly, we dismiss that portion of the instant appeal.
Moreover, the Supreme Court properly granted the defendant's motion to dismiss the complaint (see Moroz v City of New York, 165 AD3d 779, 779).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court